UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>PAUL JEMERIGBE,<br><br>    Defendant/Movant. | No. 2:93-cr-00251 KJM AC<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding with appointed counsel, brings a challenge to his conviction and sentence under 28 U.S.C. § 2255. ECF No. 340. Movant seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Id. The United States opposes the motion. ECF No. 346. Movant has replied, ECF No. 347, and has also filed a supplemental brief, ECF No. 349.

I. BACKGROUND

Mr. Jemerigbe and others were charged in 1993 with armed bank robbery and the use of firearms in furtherance of a crime of violence. At trial, movant was convicted of two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). ECF Nos. 112, 114. On December 13, 1994, U.S. District Judge Lawrence K. Karlton sentenced Mr. Jemerigbe as follows: 87 months each, concurrent, for the two robberies (Counts One and Three); 60

months consecutive for the first gun count (Count Two); and 240 months consecutive for the second gun count (Count Four). This resulted in a total term of 387 months imprisonment. ECF Nos. 192, 194.

The conviction was affirmed on appeal. ECF No. 216; United States v. Easter, et al., 66 F.3d 1018 (9th Cir. 1995). Between 1996 and 2012, Mr. Jemerigbe filed multiple motions under 28 U.S.C. § 2255 and for other forms of collateral relief. ECF Nos. 221, 238, 258, 304, 323, 330, 333. All these motions were denied. After the U.S. Supreme Court's decision in Johnson v. United States, supra, Mr. Jemerigbe was authorized by the Ninth Circuit to bring this successive § 2255 motion. ECF No. 338.

II.     THE MOTION

Movant contends that his convictions under 18 U.S.C. § 924(c) cannot stand, because the statutory language defining "crimes of violence" for purposes of that section is unconstitutionally vague in violation of due process. He contends first that the statute's "residual clause," § 924(c)(3)(B), is void for vagueness under Johnson, supra, and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). He argues second that armed robbery does not categorically qualify as a crime of violence under the statute's "force clause," § 924(c)(3)(A), because armed robbery as construed by the Ninth Circuit (1) does not necessarily involve damage to the person or property of another, (2) does not require intentional use of force, and (3) does not necessarily involve violent force. He contends that United States v. Wright, 215 F.3d 1020 (9th Cir. 2000), which held that armed bank robbery constitutes a crime of violence for purposes of § 924(c)(3)(A), has been effectively overruled by subsequent decisions of the Ninth Circuit and Supreme Court.

III.    PERTINENT STATUTORY FRAMEWORK

Title 18 U.S.C. § 924(c), which is the basis for Counts Two and Four in this case, provides in pertinent part as follows:

> Whoever, during and in relation to any crime of violence of drug trafficking crime. . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years. . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years. . .

2

18 U.S.C. § 924(c)(1) (1993).

The statute defines "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> (A) Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). Subsection A is known as the "force clause" and subsection B is known as the "residual clause."

The federal bank robbery statute, which is the basis for Counts One and Three in this case, provides in pertinent part as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> ***
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d).

////

////

////

IV. <u>ANALYSIS</u>

A. <u>Movant's Challenge to the Residual Clause of § 924(c)(3)</u>

In <u>Johnson</u>, the Supreme Court held that the language in the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), is facially void for vagueness. 135 S. Ct. at 2557. The ACCA prescribes 15-to-life sentences for § 922(g) felon-in-possession convictions where there have been 3 or more prior "violent felonies." The statute defines "violent felonies" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

<u>Id.</u> § 924(e)(2)(B) (emphasis added). The italicized portion of the quoted statutory language is known as the residual clause. The Supreme Court found that this language cannot support an enhanced sentence consistent with due process, because it does not give sufficient notice to defendants of the conduct that will support the enhancement, and because it invites arbitrary enforcement by judges. <u>Johnson</u>, 135 S. Ct. at 2557. The holding of <u>Johnson</u> constitutes a new rule of substantive criminal procedure that applies retroactively on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).

Applying <u>Johnson</u>, the Supreme Court has also invalidated that part of the Immigration and Nationality Act's definition of "aggravated felony" which borrows the residual clause definition of "crime of violence" from 18 U.S.C. § 16(b). <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204, 1211, 1223 (2017) (impermissibly vague to define "crime of violence" requiring deportation as any offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

////

The residual clause language of § 924(c)(3)(B) is substantially identical to that found void for vagueness in Johnson and Dimaya. Accordingly, the undersigned agrees with those district judges who have found § 924(c)(3)(B) to be impermissibly vague under Johnson. See, e.g., United States v. Lattanaphom, 159 F. Supp. 3d 1157 (E.D. Cal. 2016) (Shubb, J.). This does not help Mr. Jemerigbe, however, because his § 924(c) convictions do not rest on the residual clause.

Movant's § 924(c) convictions are predicated on the § 2113 armed bank robbery counts in this case. As explained further below, the Ninth Circuit has held since Johnson that armed bank robbery under federal law is a crime of violence for purposes of § 924(c) under the "force clause." United States v. Watson, 881 F.3d 782, 783, 784 (9th Cir. 2018) (per curiam). Accordingly, where a § 2113 conviction provides the predicate for application of § 924(c), a Johnson challenge to the residual clause need not be reached. Watson, 881 F.3d at 784 ("We need not address the residual clause because we conclude that the relevant offense of armed bank robbery is a crime of violence under the force clause.").

B. Bank Robbery and the Force Clause of § 924(c)(3)

In Watson, the Ninth Circuit squarely held that bank robbery in violation of § 2113(a) and (d) qualifies as a crime of violence under the force clause of § 924(c)(3)(A), and that this result comports fully with Johnson. Watson, 881 F.3d at 784-86. Watson thus forecloses movant's argument that § 2113 cannot satisfy the force clause. Indeed, the Watson court specifically rejected some of the arguments forwarded by movant here, including the theory that § 2113's inclusion of "intimidation" as an alternative to "force and violence" as an element of robbery takes it outside the scope of § 924(c)(3)(A). See id. at 785-86. The Ninth Circuit applied the familiar categorical approach to § 2113(a) and (d), and found that they satisfy the Johnson standard. Id. at 786. Accordingly, analysis of movant's claim begins and ends with Watson.

Dimaya, supra, which was decided by the Supreme Court shortly after Watson, does not affect the validity of Watson. While Dimaya provides strong authority for the proposition that § 924(c)'s residual clause is unconstitutionally vague, it does not address the question whether the elements of armed bank robbery satisfy the force clause. Because Watson answers that question, and instructs that the constitutional soundness of the residual clause is not at issue where a §

924(c) conviction rests on armed bank robbery, Dimaya is inapposite.

V.    CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that the motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 340) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See 28 U.S.C. § 2255(c)(1).

DATED: April 9, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE